IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

ANNA ENZWEILER, )
)
Plaintiff, )
)
vs. )
)
GEICO INDEMNITY COMPANY, )
)
Defendant. )
_____) Case No. 3AN-12- 8379 CI

## COMPLAINT

COMES NOW the plaintiff, Anna Enzweiler, by and through her attorney, Chadwick McGrady of the Law Office of Chadwick McGrady, P.C. and for her complaint against defendant GEICO Indemnity Company does state and allege as follows:

1. That at all times material hereto, plaintiff was and is a resident of Palmer, Alaska.

2. That at all times material hereto, defendant was and is an insurance company doing business in the State of Alaska subject to the jurisdiction of this court.

3. That defendant is liable for the actions and/or failures to act of its employees under theories of vicarious liability and/or agency and/or *respondent superior*.

Enzweiler v. GEICO
COMPLAINT
Page 1

4. That on or about August 21, 2010, plaintiff was insured by defendant for underinsured motorist (UIM) bodily injury coverage in the total amount of $50,000.00 per person.

5. That plaintiff was injured on or about August 21, 2010 in an auto collision caused by the negligence of Jacqueline Campbell at or near Eagle River, Alaska.

6. That defendant consented to plaintiff's settlement with Jacqueline Campbell for her $50,000.00 USAA liability bodily injury policy limit.

7. That defendant promised to pay plaintiff for the bodily injury damages caused by an underinsured motorist.

8. That plaintiff's settlement with Jacqueline Campbell triggered a UIM bodily injury claim with defendant.

9. That a UIM bodily injury claim is a first-party claim.

10. That plaintiff properly submitted a UIM bodily injury claim to defendant on or about May 3, 2012.

11. That plaintiff treated for and received a surgery for a right shoulder injury and cervical injuries that were an actual and legal cause of the August 21, 2010 auto collision between plaintiff and Jacqueline Campbell.

12. That defendant's employee adjusted plaintiff's UIM bodily injury claim.

13. That defendant's adjuster reviewed the material submitted by plaintiff.

14. That on April 18, 2011, defendant confirmed that the August 21, 2010 auto collision was caused by the negligence of Jacqueline Campbell.

15. That defendant concluded its adjustment of plaintiff's UIM bodily injury claim on May 15, 2012.

16. That defendant offered on May 15, 2012 to pay plaintiff $2,500.00 for her UIM bodily injury claim that arose from the auto collision on or about August 21, 2010.

17. That defendant's adjuster on April 18, 2011 knew and was aware that Plaintiff's past economic losses totaled $43,924.61.

18. That on May 15, 2012 defendant's adjuster disputed plaintiff's right shoulder injury that is part of plaintiff's claim.

19. That defendant's adjuster determined that any ongoing symptoms claimed by the plaintiff were not covered by plaintiff's underinsured motorist policy with defendant.

20. That defendant was obligated to reasonably investigate plaintiff's UIM bodily injury claim.

21. That defendant's adjuster did not communicate other than requesting medical records from plaintiff's medical providers regarding her injuries.

22. That defendant's adjuster did not consult with any medical expert regarding her injuries.

23. That defendant was obligated to treat the plaintiff's interests with equal regard as its own interests when adjusting her UIM bodily injury claim.

Enzweiler v. GEICO
COMPLAINT
Page 3

24. That plaintiff's UIM bodily injury damages are much greater than $2,500.00.

25. That defendant knew or should have known that plaintiff continues to suffer from pain, loss of enjoyment of life, lost wages and discomfort, and these losses were caused by the August 21, 2010 auto collision.

26. That defendant knew or should have known that plaintiff's UIM bodily injury damages were greater than $2,500.00.

27. That defendant unreasonably adjusted plaintiff's UIM bodily injury claim when defendant offered $2,500.00.

28. That defendant is liable to plaintiff for breach of the covenant of good faith and fair dealing.

29. That defendant sold insurance protection to plaintiff to compensate her for any past and/or future: medical expense, wage loss, diminished earning capacity, pain, suffering, physical impairment, loss of capacity for enjoyment of life, inconvenience and other non-pecuniary damages caused by the negligence of an underinsured motorist in an amount greater than the liability policy limits received from the underinsured motorist and up to defendant's policy limit.

30. That defendant is liable to plaintiff for punitive damages for conduct that was outrageous and/or evidenced reckless disregard to the interests of the plaintiff.

WHEREFORE, having fully pled plaintiff's complaint, plaintiff requests a judgment against defendant for an amount greater than $100,000.00 (ONE HUNDRED THOUSAND DOLLARS) to be established by the trier of fact, plus

Enzweiler v. GEICO
COMPLAINT
Page 4

interest, costs and attorney fees and such other relief as the court deems just.

DATED this 10th day of July, 2012 at Palmer, Alaska.

THE LAW OFFICES OF CHADWICK MCGRADY, P.C.

By: /s/ Chadwick P. McGrady
Chadwick P. McGrady
ABA No. 0312082

Law Office of
CHADWICK MCGRADY, P.C.
550 South Alaska Street
Suite 202
Palmer, Alaska 99645
Ph: (907) 746-0588
Fax: (907) 746-0589
chad@chadwickmcgrady.com
www.chadwickmcgrady.com